**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lorenzo CASTILLO–MARTINEZ, also known as Lorenzo Castillo–Bernal, Defendant–Appellant.**

**No. 04–41505.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 7, 2005.

James Lee Turner, Assistant U.S. Attorney, Us Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM: *

Lorenzo Castillo–Martinez appeals the sentence imposed following his guilty-plea conviction for illegal reentry after deportation, having previously been convicted of a drug trafficking offense, in violation of 8 U.S.C. § 1326(a) & (b).

Castillo–Martinez argues that the district court erred in imposing his sentence under the mandatory Guidelines scheme held unconstitutional in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

L.Ed.2d 621 (2005). Because Castillo–Martinez did not raise this issue in the district court, review is limited to plain error. *See United States v. Mares,* 402 F.3d 511 (5th Cir.2005), *petition for cert. filed,* (U.S. Mar. 31, 2005) (No. 04–9517). The district court erred in imposing Castillo–Martinez's sentence under the mandatory Guidelines scheme, and the error was obvious after *Booker. See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733–34 (5th Cir.2005). However, Castillo–Martinez has not shown that the error affected his substantial rights as he has not shown that the record shows the district court judge would have imposed a different or lesser sentence under a *Booker* advisory regime. *See id.* at 733–34. Therefore, he has not met the requirements to show plain error.

Castillo–Martinez also argues that the "felony" and "aggravated felony" sentencing enhancements under 8 U.S.C. § 1326(b) are unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He acknowledges that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve it for possible Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Sarmiento–Funes,* 374 F.3d 336, 346 (5th Cir.2004). This court must follow *Almendarez–Torres,* " 'unless and until the Supreme Court itself determines to overrule it.' " *United States v. Mancia–Perez,* 331 F.3d 464, 470 (5th Cir.) (citation omitted), *cert. denied,* 540 U.S. 935, 124 S.Ct. 358, 157 L.Ed.2d 245 (2003).

AFFIRMED.